UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Melissa Antonucci

    v.                                         Case No. 26-cv-599-SM-AJ
                                                  Opinion No. 2026 DNH 104
Melissa Countway, et al.


O R D E R

Melissa Antonucci, representing herself, filed a 105-page complaint against New Hampshire state court judges, the "New Hampshire Judicial Branch," the clerk of the New Hampshire Supreme Court, two attorneys, and a law firm, alleging claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and 42 U.S.C. § 1985(3).  Antonucci's claims arise from a proceeding in state court that resulted in an order for Antonucci's eviction from her home in Litchfield, New Hampshire.  Doc. no. 1.  She filed a separate motion for an emergency ex parte temporary restraining order to enjoin enforcement of the eviction order, which is scheduled to occur on August 7, 2026.  Doc. no. 2.  For the reasons that follow, the emergency motion is denied.


Standard of Review

To obtain a temporary restraining order, the moving party must establish that she is likely to succeed on the merits of

her claims and "'that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest.'" Martel v. Prevett, No. 26-CV-326-LM-TSM, 2026 WL 1390709, at *2 (D.N.H. May 4, 2026), report and recommendation approved, No. 26-CV-326-LM-TSM, 2026 WL 1388694 (D.N.H. May 18, 2026) (quoting Glossip v. Gross, 576 U.S. 863, 876 (2015)). The most important factors are the likelihood of success and irreparable harm. Id. In addition, for purposes of a temporary restraining order without notice to the adverse party, the moving party must assert specific facts, "in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The moving party must also certify in writing what efforts she made to give notice and "the reasons why notice should not be required." Fed. R. Civ P. 65(b)(1)(B).

## Discussion

Antonucci adamantly disagrees with the state court order that scheduled her to be evicted from her home on August 7, 2026, and alleges that the state court proceedings have violated her federal rights. She argues that the scheduled eviction will

2

cause her irreparable harm, that the equities are in her favor, and that stopping the eviction is in the public interest.

A.  Procedural Requirements

Antonucci states at the conclusion of her complaint that she declares under penalty of perjury that the allegations in the complaint are true and correct but she did not sign that statement.  An unsworn declaration under penalty of perjury, as provided in 28 U.S.C. § 1746, must be "subscribed" meaning signed.  It therefore appears that Antonucci's complaint is not properly verified.  She did not include an affidavit with her motion for a temporary restraining order, although she does purport to verify the statements in the motion under 28 U.S.C. § 1746.  As such, Antonucci did not provide the required affidavit or verified complaint.

Antonucci also has not adequately demonstrated that prior notice to defendants should not be required.  She states that prior notice should not be required because "[u]pon receiving notice of imminent federal intervention, the actors will predictably rush to immediately execute the void Writ of Possession and effectuate the physical displacement of the Plaintiff and her minor child before this Court can formally intervene to stay the August 7, 2026 deadline. Immediate ex parte relief is required to preserve the status quo."  Doc. no.

3

2, at 6.  The defendants are state court judges, a clerk of court, lawyers, and a law firm.  Antonucci does not provide facts that demonstrate any such risk from these defendants. Martel, No. 26-cv-326, 2026 WL 1390709, at *1, nb.3 ("[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process. Thus, [t]o obtain ex parte relief, a party must strictly comply with those requirements.") (internal quotation marks omitted).

Even if Antonucci had satisfied the procedural requirements for a temporary restraining order without notice, she has not demonstrated a likelihood of success on the merits.


B.   Substantive Requirements

Of the substantive requirements for injunctive relief, the requirement that a moving party demonstrate a likelihood of success on the merits is essential, "the sine qua non," of the injunction analysis.  Calvary Chapel Belfast v. Univ. of Maine Sys., 180 F.4th 13, 35 (1st Cir. 2026).  Antonucci's very long complaint, 332 paragraphs, includes six counts, alleging deprivation of Fourteenth Amendment procedural and substantive due process, First Amendment violations, and "Unconstitutional Conditions Doctrine" under 42 U.S.C. § 1983, violation of Title II of the Americans with Disabilities Act, and a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3).  In

4

support of her claims, Antonucci attacks the state court proceedings that resulted in the eviction order and the subsequent proceedings pertaining to her efforts to appeal that decision.  Neither Antonucci's complaint nor her motion for emergency injunctive relief shows a likelihood of success on her claims.

Among other infirmities, Antonucci names judges, a clerk of court, and the entire judicial branch of the State of New Hampshire as defendants.  Those defendants are likely, if not certainly, entitled to judicial immunity.  See, e.g., Bergeron v. Bergeron, No. 26-cv-201, 2026 WL 1727180, at *2 (D.N.H. May 13, 2026), report and recommendation approved, No. 26-CV-201-JL-AJ, 2026 WL 1726323 (D.N.H. June 15, 2026); Dominic v. Goldman, 560 F. Supp. 3d 579, 586 (D.N.H. 2021).  The lawyer and law firm defendants are not state actors for purposes of § 1983 claims. See, e.g., Stratoberda v. Portsmouth, No. 25-CV-00640, 2026 WL 1971261, at *3 (D.R.I. July 8, 2026).  Further, Antonucci's conclusory allegations about a conspiracy and her reference to a different case in this court, Albrecht v. Sternenberg, Case No. 23-cv-381, do not suggest a likelihood of success on her claim under § 1985(3).[1]  See Stand With US Ctr. for Legal Just. v.

---

[1] Her conspiracy allegations also do not show a likelihood of success in showing that the individual defendants would be deemed to be state actors for purposes of § 1983. See Dominic, 560 F. Supp. 3d at 589.

5

Massachusetts Inst. of Tech., 158 F.4th 1, 24 (1st Cir. 2025). Title II of the Americans with Disabilities Act applies to public entities, not to private individuals.  See Tennessee v. Lane, 541 U.S. 509,532 (2004); Montane v. Price, 154 F.4th 127, 145 (3d Cir. 2025).  As such, Antonucci has not shown a likelihood of success on any of her claims.

Therefore, Antonucci is not entitled to an ex parte temporary restraining order under Rule 65(b).


## Conclusion

For these reasons, Turgeon's emergency motion to stay enforcement of the eviction order (doc. no. 2) is denied.

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

August 5, 2026

cc:  Melissa Anonucci, pro se

6